UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HICA EDUCATION LOAN CORPORATION, | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | Civil Action No. 11-433 |
| v. | : | **ORDER** |
| MARINO, Denay L., | : | |
| Defendant. | : | |

This matter having come before the Court on Plaintiff's Motion for Default Judgment [6], pursuant to Fed. R. Civ. P. 55; and

The Court having considered the submissions of the Plaintiff and noting that Defendant has not opposed the instant motion; and

It appearing that Plaintiff HICA Education Loan Corporation ("Plaintiff" or "HICA") filed a Complaint against Defendant Denay L. Marino ("Defendant" or "Marino") on January 25, 2011, alleging default under certain loan promissory notes; and

It further appearing that Defendant was served on February 15, 2011; and

It further appearing that Defendant never answered the Complaint, and default was entered by the Clerk on April 13, 2011; and

It further appearing that Plaintiff filed the instant Motion for Default Judgment on May 11, 2011, seeking actual damages under the terms of the notes, prejudgment interest, post-judgment interest, and costs of court; and

The Court noting that a party is not entitled to the entry of a judgment of default as of right, because the entry of such a judgment is left primarily to the discretion of the

district court. Hritz v. Woma, 732 F.2d 1178, 1180 (3d Cir. 1984). Defendants are deemed to have admitted the factual allegations of the Complaint by virtue of their default, except those factual allegations related to the amount of damages. See 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688, at 58-59 (3d ed. 1998). The Court need not accept Plaintiff's legal conclusions, because "[e]ven after default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." Id. § 2688, at 63. See also DirecTV v. Croce, 332 F. Supp. 2d 715, 717 (D.N.J. 2004); and

The Court further noting that before entering a judgment of default, a court must consider: (1) whether there would be prejudice to the plaintiff if no default judgment was entered; and (2) whether a meritorious defense has been asserted by the defendant. See Livingston Powdered Metal, Inc. v. NLRB, 669 F.2d 133, 136 (3d Cir. 1982); Medunic v. Lederer, 533 F.2d 891, 894 (3d Cir. 1976). Whether the default was willfully caused by the defendant is also a relevant factor. Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 245 (3d Cir. 1951). In considering these factors, a court must apply a standard of liberality so that any doubt is resolved in favor of hearing claims on their merits. Medunic, 533 F.2d at 894; and

The Court finding that the entry of a judgment of default is merited here because Plaintiff will be prejudiced if no default judgment is entered, as it has no other means of vindicating its claim against Defendant. Defendant has not responded to Plaintiff's Complaint. Defendant has not asserted any meritorious defense to Plaintiff's claims, nor has it offered any excusable reason for default; and

The Court finding that Plaintiff is entitled to a default judgment because the Court accepts, as true, Plaintiff's factual allegations, that Plaintiff is the holder of four promissory notes ("the Notes") signed by Defendant and executed pursuant to the terms of the Health Education Assistance Loan (HEAL) Program as administered under 42 U.S.C. §§ 292 et seq. and the regulations set forth under 42 C.F.R. Part 60. The four Notes were executed on, respectively, September 9, 1983, for an original principal amount of $9,000.00 ("Note 1"); October 31, 1983, in an original principal amount of $5,500.00 ("Note 2"); February 6, 1984, for an original principal amount of $1,500.00 (Note 3"); and July 17, 1984, for an original principal amount of $5,000.00 ("Note 4"). Defendant failed to make payments due and owing under the Notes. Plaintiff has made demand on Defendant for payment of the Notes, but Defendant has failed and refused to pay the sums due and owing to Plaintiff; and

The Court finding that Defendant's non-payment constitutes default under the Notes and violation of the borrower's responsibilities provisions of 42 C.F.R. § 60.8 (1981). Specifically, Plaintiff's non-payment breached Plaintiff's obligation to repay the loan in accordance with the repayment schedule pursuant to 42 C.F.R. § 60.8(b)(4) and Plaintiff's obligation to pay all interest charges on the loan as required by the lender pursuant to 42 C.F.R. § 60.8(b)(2); and

The Court finding that as of April 5, 2011, with respect to Note 1, Defendant owes $21,475.96 in unpaid principal and $4,980.78 in accrued, unpaid interest, with interest continuing to accrue at a variable rate which when calculated amounts to a rate of $2.20 per day; with respect to Note 2, Defendant owes $10,341.03 in unpaid principal and $2,582.60 in accrued, unpaid interest with interest continuing to accrue at a variable

rate which when calculated amounts to a rate of $1.06 per day; with respect to Note 3, Defendant owes $3,073.89 in unpaid principal and $767.67 in accrued, unpaid interest with interest continuing to accrue at a variable rate which when calculated amounts to a rate of $.31 cents per day; and with respect to Note 4, Defendant owes $9,635.81 in unpaid principal and $2,406.57 in accrued, unpaid interest with interest continuing to accrue at a variable rate which when calculated amounts to a rate of $.98 cents per day. Decl. of Robin Zimmermann at ¶¶ 2-5; and

    The Court finding that under the terms of each of the Notes, the variable rate of interest is "a yearly rate of interest which is equal to a variable rate calculated by the Secretary of the Department of Health and Human Services for each calendar quarter, and computed by determining the average of the bond equivalent rates for the ninety-one day U.S. Treasury Bills auctioned during the preceding quarter, plus 3.5 percent, rounding this figure up to the nearest 1/8 of 1 percent." Compl. at ¶¶ 24, 26, 28, 30; Ex. A, B, C, D. This interest rate is consistent with the limitations of 40 C.F.R. § 60.13 (1981) and 42 U.S.C. § 292d(b), which govern the administration of the Notes; and

    The Court finding that Plaintiff is therefore entitled to $44,526.69 in unpaid principal, plus $11,121.27 in accrued, unpaid interest, plus prejudgment interest of $4.55 per day as of April 6, 2011;

    Accordingly,

    IT IS on this 14th day of December, 2011 hereby ORDERED that Plaintiff's Motion for Default Judgment [6] is GRANTED in the amounts of $55,647.96 in unpaid principal and interest, $4.55 per day in prejudgment interest from April 6, 2011 until the date of this Judgment, and post-judgment interest calculated individually with respect

to each Note at a yearly rate of interest which is equal to a variable rate calculated by the Secretary of the Department of Health and Human Services for each calendar quarter, and computed by determining the average of the bond equivalent rates for the ninety-one day U.S. Treasury Bills auctioned during the preceding quarter, plus 3.5 percent, rounding this figure up to the nearest 1/8 of 1 percent.

       /s/ Joseph H. Rodriguez
Hon. Joseph H. Rodriguez
United States District Judge